# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

STEVEN PETRUSCH,

|                             | Plaintiff, |                          |
|---|---|---|

-vs-

|                             |            | DECISION & ORDER         |
| T. OLILOUSHI, C.O. and,     |            | 03-CV-6369               |
| S. HEIDER, C.O.,            |            |                          |
|                             | Defendants |                          |

---

## APPEARANCES

| For Plaintiff: | Steven Petrusch, *pro se* |
|---|---|
|  | 9569 Sotherden Rd. |
|  | Brewerton, New York 13029 |

| For Defendants: | Gary M. Levine, A.A.G. |
|---|---|
|  | New York State Attorney General's Office |
|  | 144 Exchange Boulevard, Suite 200 |
|  | Rochester, New York 14614 |

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983, brought by the plaintiff, a former prison inmate, proceeding *pro se*. Now before the Court is defendants' motion for summary judgment [#19], pursuant to Federal Rule of Civil Procedure 56(b), on the ground that plaintiff has not exhausted administrative remedies as required by 42 U.S.C. § 1997e(a). For the reasons that follow, the motion is granted.

**BACKGROUND**

At the time of the events giving rise to this lawsuit, plaintiff was incarcerated in Attica Correctional Facility  ("Attica"). He was later transferred to Auburn Correctional Facility ("Auburn"), and has since been released.

On June 17, 2003, force was employed against plaintiff by members of the staff at Attica. Plaintiff claims that he was assaulted and severely beaten, while the staff members claim that they used only the force necessary to prevent injury to themselves. As a result of the incident, an Inmate Misbehavior Report was issued, charging plaintiff with assault on staff, violent conduct, and violation of frisk procedures. On July 23, 2003, a Superintendent's Tier III disciplinary proceeding was initiated against plaintiff with respect to these charges, and on August 7, 2003, plaintiff was found guilty on all three counts. Plaintiff appealed the Superintendent's decision to the Commissioner, who, on September 30, 2003, affirmed the decision of the Superintendent. There is no evidence of any further appeal activity.

On June 29, 2003, plaintiff filed a grievance with respect to the force employed against him on June 17, 2003. Plaintiff claimed in his grievance that the force was unnecessary and amounted to an assault. The grievance was subsequently denied by the Superintendent on August 14, 2003. At his deposition, plaintiff claims to have appealed the Superintendent's decision to the Central Office Review Committee ("CORC"), *see* 7 N.Y. Comp. Codes R. & Regs. tit. 7, § 702.4 (2005), and that his record of having sent it was taken in a cell search. However, in his Response to Motion for Summary Judgment, plaintiff makes no claim that he appealed to CORC, but rather maintains as follows:

Motion: For Exhausting My Administrative Remedies

2

Step(1) First initial grievance report was filed with Attica Grievance Committee on 7-18-03 the day after the incident happened.

Step(2) Also I had contacted the Inspector General regarding my complaint of excessive force and believed that was enough report filed on 7-18-03.

Your Honor I do believe that I had [sic] taken all the necessary steps in trying to exhaust all my administrative remedies under the circumstances to the best of my ability. Please do accept this.

(Pl.'s Resp. to Mot. for Summ. J. at 1 (original all in upper case characters). Defendants have submitted evidence that he did not appeal the Superintendent's denial of his grievance to CORC.

## STANDARDS OF LAW

### Summary Judgment

The Court reads a pro se plaintiff's complaint liberally and interprets the claims "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied."11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element

of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A court should read a *pro se* litigant's papers liberally, interpreting them "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

*Irby* **Notice**

On October 8, 2004, the Clerk mailed plaintiff an *Irby* notice. *See Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). That notice provided as follows:

### RULE 56 MOTIONS FOR SUMMARY JUDGMENT <u>IRBY</u> NOTICE
(See <u>Irbv v. New York Citv Transit Authority</u>, 262 F.3d 412 (2d Cir. 2001))

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

**Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.**

### <u>Opposing Affidavits and Exhibits</u>

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### <u>Statement of Material Facts Requiring a Trial</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. See Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). **Note** that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue presenting a genuine issue requiring a trial.</u>

Memorandum of Law

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u> answering memorandum of law, Local Rule 7.1 (e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the noncomplying party.

**NOTE**: If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so. See Local Rules of Civil Procedure Rule 7.1 (c).

(*Irby* Notice (# 25) (emphasis in original).)

**Exhaustion of Administrative Remedies**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2005). In *Porter v. Nussle*, the U.S. Supreme Court held that:

The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all actions . . . brought with respect to prison conditions, whether under § 1983 or "any other Federal law.

*Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal citations and quotations omitted). The Court then noted: "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation

of a federal case. *Id.* at 525.

## DISCUSSION

In order to have met the exhaustion requirements of § 1997e(a), plaintiff would have

had to follow the grievance procedure to its conclusion.

> In New York State, [this] . . . consist[s] of a three-step review process. Once a grievance is submitted to the inmate grievance resolution committee ("IGRC"), (1) the grievance is investigated and reviewed by the IGRC, which is comprised of inmates and DOCS employees; (2) if appealed, the superintendent of the facility reviews the IGRC's determination; and (3) if the superintendent's decision is appealed, the Central Office Review Committee ("CORC") makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to § 1983 in federal court.

*Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002). Plaintiff filed a grievance on

July 29, 2003, which was denied by the Superintendent on August 14, 2003. Plaintiff then

had an opportunity to appeal to CORC. This would have been done by filling out the appeal

portion on the bottom of the Superintendent's decision denying his grievance. During oral

deposition, plaintiff testified as follows:

> Q:    And when you got this when you were in prison that the grievance was denied, correct?
>
> A:    Yes.
>
> Q:    What happened next, did you do anything further?
>
> A:    Yeah.
>
> Q:    Tell me what you did.
>
> A:    I sent it to CORC.
>
> Q:    Do you have a copy of what you sent to CORC?
>
> A:    I had a copy of it and the day that they – we had the court education on the phone. They raided my cell and they took all my stuff and I

7

have the copy receipt, copy receipt of the cell search.

Q:     So how did you go about filing it with CORC?

A:     I sent the paper in.

Q:     You filled out the appeal statement?

A:     Yeah.

Q:     On the bottom?

A:     Yeah.

Q:     Do you remember what you wrote?

A:     No, not offhand, no.

Q:     What did you do with it after?

A:     Sent it back to Streubel.

Q:     He's the grievance coordinator?

A:     Yeah, yeah.

Q:     Did you ever hear from CORC?

A:     No.

Q:     CORC never responded?

A:     No.

(Defs.' Decl. re Mot. Summ. J., Ex. A.) Defendants have entered into evidence the Superintendent's decision, which shows that the appeal section has not been filled out. Furthermore, the affidavits of George Streubel, Attica's Inmate Grievance Coordinator [#22], and Thomas Eagen, DOCS Director of the Inmate Grievance Program [#21], establish that no record has been found of any appeal of the above-mentioned grievance. While plaintiff claimed at his deposition that he filled out the appeal portion of the form and

sent it to CORC, and that his copy was taken during a cell search, he has apparently abandoned that position, since, as indicated, he now contends he only complained to the Inspector General. Although a discrepancy exists as to whether or not plaintiff appealed the Superintendent's decision to CORC, the Court finds it irrelevant. Even if plaintiff did send an appeal to CORC as he claims, this would not fulfill his exhaustion requirements. This Court has previously held that "inmates must actually receive a response from the CORC in order to exhaust administrative remedies." *Wilson v. Gantert*, No. 01-CV-6371 (CJS), 2004 U.S. Dist. LEXIS 13635, *11–12 (W.D.N.Y. Jul. 12, 2004); *accord Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002); *Parkinson v. Goord*, 116 F. Supp. 2d 390, 394 (W.D.N.Y. 2000).

Defendants have offered evidence that plaintiff failed to exhaust his administrative remedies, as required by § 1997e(a). In order to create a genuine issue of fact, and thus survive a motion for summary judgment, plaintiff must offer evidentiary proof in admissible form show that he did, in fact, exhaust his administrative remedies. The Court finds that he has failed to do so. Additionally, the Court, in giving plaintiff's papers the liberal reading afforded *pro se* litigants, has considered whether plaintiff has attempted to make an argument that he has otherwise completed, or should be exempt from, the exhaustion requirements of § 1997e(a).

First, plaintiff does not appear to be arguing that he mistakenly pursued his grievance by appealing the related Tier III hearing, *see Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004), since he did not exhaust his appeal options with respect to that determination. Second, as to his grievance, which is the subject of this lawsuit, plaintiff does not appear to be contending that he believed the Superintendent's denial constituted exhaustion, since

9

by initially claiming that he did appeal to CORC, albeit without proof, he has demonstrated his knowledge of the correct procedure for exhaustion. Finally, regarding plaintiff's claim that he had contacted the Inspector General, plaintiff has offered no proof of such contact, and in any event this Court finds it insufficient to constitute exhaustion of administrative remedies. "Letters of complaint, regardless of the addressee, are not part of the grievance process and do not satisfy the exhaustion requirement." *Scott v. Gardner*, 287 F. Supp. 2d 477, 488 (S.D.N.Y. 2003); *see also Barney v. Bureau of Prisons*, No. 02-CV-5284 (SJF), 2004 U.S. Dist. LEXIS 24691, at *5,6 (E.D.N.Y. Dec. 8, 2004) ("district courts in this circuit have repeatedly held that letters to prison officials do not satisfy the PLRA's exhaustion requirements").

Therefore this Court concludes that, even granted the latitude afforded *pro se* litigants, plaintiff has failed to demonstrate that he exhausted his administrative remedies, or, alternatively, that he should be exempt from doing so.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [#19] is granted.

IT IS SO ORDERED.

Dated:   September 30, 2005
            Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge